Justice DOUGHERTY,
concurring.
I join the Majority Opinion with the exception of its specific mandate: “We direct the PCRA court on remand to permit PCRA counsel the opportunity to determine precisely what portions of trial counsel’s file remain privileged in light of Flor’s claims.” See Majority Opinion, at 333, 136 A.3d at 161. I agree entirely with the substance of the concurrence of the Chief Justice and believe our mandate, at a minimum, must be adjusted along those lines. We cannot lose sight of the incentive to be less than forthcoming in capital matters, nor of *335 the incentive to disputation and delay.[1] PCRA courts need to take a firm hand. Indeed, left to my own devices, I would prefer we direct all such disputes in capital matters be subject to in camera review by the PCRA court.
Justice BAER joins this Concurring Opinion.

. It appears PCRA discovery disputes have led to significant delay in a number of capital cases, requiring resolution by this Court. See, e.g., Commonwealth v. Williams, 624 Pa. 405, 86 A.3d 771 (2014); Commonwealth v. Harris, 612 Pa. 576, 32 A.3d 243 (2011); Commonwealth v. Dennis, 580 Pa. 95, 859 A.2d 1270 (2004); Commonwealth v. Tilley, 566 Pa. 312, 780 A.2d 649 (2001).